11-3770-cv
*Edem v. Ethiopian Airlines Enterprise, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

Edmund Orok Edem,

> *Plaintiff-Appellant,*

v.

Ethiopian Airlines Enterprise, Ethiopian Insurance Corporation, Ethiopian Government (Federal Democratic Republic of Ethiopia), John and Jane Does,

> *Defendants-Appellees.*

No. 11-3770-cv

---

**FOR PLAINTIFF-APPELLANT:**          Edmund Orok Edem, *pro se*, Staten Island, NY.

**FOR DEFENDANTS-APPELLEES**
**ETHIOPIAN AIRLINES ENTERPRISE**
**AND ETHIOPIAN INSURANCE**
**CORPORATION:**                    Andrew J. Harakas, Deborah A. Elsasser, Clyde
                                   & Co US LLP, New York, NY.


**FOR DEFENDANT-APPELLEE**
**ETHIOPIAN GOVERNMENT (FEDERAL**
**DEMOCRATIC REPUBLIC OF ETHIOPIA):**  Michael R. Atadika, Atadika & Atadika, New
                                   York, NY.

Appeal from a September 15, 2011 judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


Plaintiff Edmund Orok Edem filed this *pro se* action against Ethiopian Airlines Enterprise ("EAE"), Ethiopian Insurance Corporation ("EIC"), and the Ethiopian Government ("Ethiopia"), alleging various causes of action arising from a trip he took to from the United States to Nigeria via Ethiopia.  We assume the parties' familiarity with the background of the case, which we reference only briefly.


Edem's trip began on April 30, 2008, when he flew from Newark to Nigeria via Addis Ababa, Ethiopia.  On this trip, Edem allegedly carried $16,500 in U.S. currency to pursue various building projects in Nigeria.  While he was at the Addis Ababa airport, Edem claims, Ethiopian officials confiscated $13,600 from him and threatened him.  He also claims that, during this encounter, Ethiopian officials escorted him out of the airport through an "illegal route" so that he subsequently was forbidden to reenter the terminal because his passport had already been stamped.  This situation allegedly caused Edem to be "unlawfully detained" in Ethiopia for forty days until the Nigerian Embassy interceded on his behalf.  After Edem was allowed to leave Ethiopia, he proceeded to Nigeria to pick up his baggage.  One piece of baggage was missing, but when EAE advised Edem on June 14, 2008 that it had been located, he refused to collect it.


Edem filed this action on June 30, 2008.  On September 30, 2009—after defendants had filed motions to dismiss—the District Court dismissed all claims against Ethiopia and EIC for lack of subject matter jurisdiction under the Foreign Sovereign Immunity Act of 1976.  With one exception, the District Court also dismissed Edem's claims against EAE, as lacking any basis in law. It "reluctantly allow[ed]" Edem's lost baggage claims to proceed under Article 17(2) of the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal

2

Convention"). The District Court also limited Edem's recovery on the lost baggage claim to 1,000 Special Drawing Rights (or approximately $1,500) pursuant to the Montreal Convention. On September 13, 2011, the District Court granted judgment in Edem's favor in the amount of 1,000 Special Drawing Rights and closed the case. This appeal followed.

On appeal, Edem principally argues that the District Court erred in (1) dismissing the claims against EIC and Ethiopia for lack of subject matter jurisdiction, (2) dismissing all but one claim against EAE, and (3) limiting his recovery on the lost baggage claim to 1,000 Special Drawing Rights. We disagree and affirm the judgment of the District Court substantially for the reasons stated in its careful and comprehensive decisions filed on September 30, 2009 and September 13, 2011.

**CONCLUSION**

We have considered all of Edem's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3